UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**NORA LEE HARRIS,**
        **Petitioner,**

v.                                                                                 Civil Action No. 4:05cv133
                                                                                Criminal Action No. 4:04cr50

**UNITED STATES OF AMERICA,**
        **Respondent.**

## ORDER AND OPINION

Currently before the court is Nora Lee Harris' petition to vacate, set aside or correct a sentence previously imposed, filed pursuant to Title 28, United States Code, Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues the following: (1) that this court factored into petitioner's sentence alleged conduct that was not found by a jury beyond a reasonable doubt; (2) that petitioner has been a model prisoner and her 63 month sentence is unconstitutional as well as unreasonable considering the statutory purposes of sentencing. After examining the petition and case file, the court concludes that a response by the government is not required as it plainly appears upon preliminary review that petitioner is not entitled to relief; therefore petitioner's motion is **DISMISSED**.

On April 30, 2003, a federal grand jury returned an indictment charging petitioner with possession of ammunition by a convicted felon. Petitioner entered a plea of not guilty, and after a one-day jury trial conducted on August 10, 2004, the jury returned a verdict of guilty. Subsequently, the court considered and denied both petitioner's motion for judgment of acquittal and petitioner's renewed motion for judgment of acquittal. Petitioner was sentenced to sixty-

three months imprisonment on November 22, 2004. The instant petition was filed on September 12, 2005.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that a federal judge perform a preliminary consideration of motions filed pursuant to 28 U.S.C. § 2255. Specifically, Rule 4(b) states:

> The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Upon review of the motion and the case file, the court determines that dismissal of this action under Rule 4(b) without response from the United States Attorney is appropriate.

A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish her grounds by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). Here petitioner alleges two grounds for relief, neither of which meet the required burden.

First, petitioner alleges that the court improperly factored into her sentence "alleged conduct of the defendant that was not found by a jury beyond a reasonable doubt nor admitted by

2

the defendant which resulted in a significant enhancement to her sentence." See § 2255 Motion, p.1. Although petitioner does not cite such case, petitioner's claim is construed as arguing that her sentence was unconstitutional under United States v. Booker, 125 S.Ct. 738 (2005).[1] However, because petitioner's sentence became final prior to the Supreme Court's decision in Booker, this court must determine if the rule announced in Booker applies retroactively to the petitioner.[2]

To establish retroactive application of a new rule, a petitioner must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule[] of criminal procedure." Schriro v. Summerlin, 542 U.S. 348, 351-53 (2004) (quoting Teague v. Lane, 489 U.S. 288, 311 (1989)). Because Booker announced a change in a procedural rule, it should be applied retroactively only if it falls within the "small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." United States v. Morris, 429 F.3d 65, 69 (4th Cir. 2005). The Fourth Circuit has recently held that the

---

[1] The petitioner was sentenced to 63 months imprisonment for a felony which carried with it a statutory maximum penalty of 10 years imprisonment. See 18 U.S.C. § 922(g), 924(a)(2). Therefore, as petitioner's sentence was within the statutory maximum, petitioner's claim is necessarily dependant on the holding in United States v. Booker, 125 S.Ct. 738 (2005). Furthermore, the only case cited in petitioner's motion is United States v. Jones, 352 F. Supp. 2d 22 (D. Me. 2005), a case decided after Booker in which the district court judge decided not to apply the guidelines based on the recent Booker decision. Id. at 25. Therefore, considering both the nature of petitioner's claims and Jones, the court concludes that petitioner is making an argument pursuant to the Supreme Court's decision in Booker.

[2] Petitioner does not cite Blakely v. Washington, 542 U.S. 296 (2004) in support of her claim that her sentence was unconstitutionally enhanced, however, petitioner is advised that citing Blakely would not have changed the outcome of her § 2255 motion. Although the Supreme Court decided Blakely prior to petitioner's sentence becoming final, the Supreme Court's Blakely opinion specifically declined to extend its holding to the application of the federal sentencing guidelines. Id. at 305 n.9. Therefore, Blakely does not apply to petitioner's sentencing and, as a result, presents no opportunity for relief.

rule announced in Booker is not such a watershed change, stating:

> [W]e conclude in any event that the Booker rule is not a watershed rule. As we have noted, the practical net result of Booker is minimal. . . . 'Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. . . . As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a 'watershed' change that fundamentally improves the accuracy of the criminal process.'

Morris, 429 F.3d at 72 (quoting McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)). This determination is in accord with numerous other federal circuits that have addressed the issue of Booker's retroactivity. See, e.g., Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005). Therefore, because petitioner's sentence became final prior to Booker and the rule in Booker does not apply retroactively, plaintiff's claim based on unconstitutional sentence enhancements fails on its face.

Petitioner's second claim highlights the fact that petitioner has been a model prisoner and alleges that her 63 month sentence violates the Constitution and is excessive considering both the purposes of sentencing and her need for medical attention. To succeed on such claim, petitioner bears the burden of establishing by a preponderance of the evidence that her sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, petitioner has failed to carry her burden. Although petitioner appears to have a continuing medical condition and may in fact be a model prisoner, neither of these factors make her sentence violate the Constitution or laws of the United States. The petitioner's medical condition was made known to the court both prior to and during her sentencing hearing. Furthermore, the petitioner was sentenced by the court to the minimum

period of incarceration possible under the then mandatory federal sentencing guidelines. Likewise, although the court hopes that petitioner remains a model prisoner, the court has no jurisdiction pursuant to § 2255 to modify a lawful sentence based on the petitioner's good behavior. Therefore, it is apparent on preliminary review of petitioner's § 2255 motion that she is not entitled to relief.

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 11 , 2006